UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL S.,

                      Plaintiff,

v.                                                           3:18-CV-0443
                                                                       (TWD)
ANDREW M. SAUL,[1]
Comm'r of Soc. Sec.,

                      Defendant.
_____

APPEARANCES:                                                     OF COUNSEL:

LACHMAN & GORTON                                PETER A. GORTON, ESQ.
 Counsel for Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, NY 13761-0089

U.S. SOCIAL SECURITY ADMIN.              LUCY WEILBRENNER, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
 Counsel for Defendant
26 Federal Plaza - Room 3904
New York, NY 10278

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## DECISION and ORDER

Currently before the Court, in this Social Security action filed by Michael S. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are Plaintiff's motion for judgment on the pleadings and Defendant's motion for judgment on the pleadings. (Dkt. Nos. 11 and 15.) For the reasons set

---

[1]     Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. The Clerk of Court is respectfully directed to amend the caption.

forth below, Plaintiff's motion for judgment on the pleadings is granted and Defendant's motion for judgment on the pleadings is denied.

I.   **RELEVANT BACKGROUND**

   A.   **Factual Background**

Plaintiff was born in 1965, making him 44 years old at the alleged onset date and 52 years old at the date of the ALJ's May 2017 decision. Plaintiff reported graduating from high school and previously working as a delivery truck driver. Plaintiff initially alleged disability due to gout, cartilage issues in his neck, a bone spur in the lower back, vascular necrosis, restless leg syndrome, a nerve issue in his leg, and sleep apnea.

   B.   **Procedural History**

Plaintiff applied for a period of disability and disability insurance benefits as well as Supplemental Security Income on November 12, 2014, alleging disability beginning August 1, 2009. Plaintiff's applications were initially denied on February 9, 2015, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). Plaintiff appeared an administrative hearing before ALJ Jennifer Gale Smith dated April 13, 2017. (T. 37-62, repeated at T. 63-88.)[2] On May 4, 2017, the ALJ issued a written decision[3] finding Plaintiff was not disabled under the Social Security Act. (T. 19-36.) On February 14, 2018, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (T. 1-7.)

---

[2]   The Administrative Transcript is found at Dkt. No. 8. Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers assigned by the Court's CM/ECF electronic filing system.

[3]   The record includes a prior unfavorable decision by ALJ John P. Ramos dated August 27, 2013, pertaining to a Title II application for a period of disability and disability insurance benefits dated April 19, 2012. (T. 93-109.)

### C. ALJ Smith's May 2017 Decision[4]

The ALJ found Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2013, and he has not engaged in substantial gainful activity since August 28, 2013, the day after the prior ALJ's decision. (T. 25.) The ALJ determined Plaintiff's status post bilateral carpal tunnel surgeries, cervical spine disorder, lumbar spine disorder, asymmetric sensorineural hearing loss, and obesity are severe impairments. (T. 25-27.) Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). (T. 27.) The ALJ then found Plaintiff has the residual functional capacity ("RFC") to perform light work except he

> should not climb ladders, ropes and scaffolds, balance kneel, crouch and crawl. [He] can occasionally climb ramps and stairs and stoop. [He] should change positions every half hour. Please assume that [he] can stay on task at the work station during the position change. [He] can frequently reach, handle, finger and feel. [He] should not work in a noise environment greater than moderate as defined by the [Dictionary of Occupational Titles], but retains the ability to hear and understand simple oral instructions.

---

[4] In her decision, the ALJ noted Plaintiff's prior April 2012 application and the prior August 2013 unfavorable decision by ALJ Ramos. (T. 22.) ALJ Smith indicated Plaintiff filed a request for review with the Appeals Council which was denied on October 30, 2014, and Plaintiff did not file an action in federal court. (*Id.*) The ALJ noted Plaintiff's alleged onset date of August 1, 2009, indicating it "invade[d] the previously adjudicated period" and constituted "an implied request to reopen the decision dated August 27, 2013." (*Id.*) The ALJ indicated Plaintiff had not satisfied any of the conditions for reopening the prior decision and had specifically not furnished new and material evidence to support a conclusion that there was good cause to reopen the prior decision. (*Id.*) The ALJ therefore found no grounds upon which to base a reopening and noted that the earliest Plaintiff could be found to be disabled was August 28, 2013. (*Id.*)

(*Id*.) Plaintiff could not perform any past relevant work, but he can perform other jobs existing in significant numbers in the national economy. (T. 31-32.) The ALJ therefore concluded Plaintiff is not disabled.

      **D.**      **The Parties' Briefings on Their Cross-Motions**

            **1.**      **Plaintiff's Motion for Judgment on the Pleadings**

Plaintiff argues the "Appeals Council committed countless procedural errors including the refusal to consider new evidence on improper grounds and failure to apply proper legal principles." (Dkt. No. 11 at 9-14.[5]) Plaintiff also contends the Appeals Council and the ALJ committed "procedural due process error by relying on evidence pertaining to a different claimant." (*Id*. at 14-15.) Plaintiff points out the opinion from Gina Callahan, PA-C, which was cited by the ALJ as Plaintiff's primary care provider (T. 29), at Exhibit B6F (T. 333-35), pertains to a different Social Security claimant. (*Id*. at 14.) Plaintiff next argues the ALJ failed to consider all of the relevant medical opinions, and the ALJ's RFC determination is not supported by substantial evidence because the evidence of record shows restrictions inconsistent with the RFC. (*Id*. at 16-20.) Plaintiff further asserts the ALJ's RFC determination does not properly account for Plaintiff's hearing limitations. (*Id*. at 20-21.) Lastly, Plaintiff contends the ALJ's Step Five determination is not supported by substantial evidence because it relies on vocational expert testimony based on a faulty hypothetical question. (*Id*. at 21-22.)

            **2.**      **Defendant's Motion for Judgment on the Pleadings**

Defendant argues the Appeals Council's denial of review is not properly before this Court and the evidence submitted to the Appeals Council was properly omitted from the record.

---

[5]     Page references to documents identified by docket number refer to the page numbers inserted by the Court's electronic filing system maintained by the Clerk's Office.

(Dkt. No. 15 at 8-13.)  Defendant also contends this Court does not have jurisdiction to consider the Appeals Council's denial of review and the evidence submitted by Plaintiff did not entitle him to remand.  (*Id*. at 8-9.)  Defendant asserts any consideration of extraneous records such as the opinion from P.A. Callahan at Exhibit B6F (T. 333-35) was harmless error.  (*Id*. at 13-14.)  Defendant also contends ALJ Smith did not err in omitting any discussion of Dr. Ellison's opinion because ALJ Ramos considered it when issuing his decision, and Plaintiff insists he never presented it to ALJ Smith.  (*Id*. at 14.)  Defendant then argues substantial evidence supports the RFC determination because ALJ Smith properly considered the evidence and Plaintiff's daily activities, accounted for Plaintiff's complaints, provided ample rationale for the RFC, and properly relied on Dr. Jenouri's opinion.  (*Id*. at 14-16.)  The RFC also accounts for Plaintiff's hearing limitations because the ALJ properly assumed Plaintiff could tolerate a moderate noise environment as opposed to a quiet one.  (*Id*. at 17-18.)  Finally, Defendant contends substantial evidence supports the Step Five determination because the hypothetical mirrored the well-supported RFC.  (*Id*. at 18.)

### 3. Plaintiff's Reply Memorandum of Law

On reply, which was permitted by the Court (Dkt. No. 17), Plaintiff argues the Appeals Council's alleged errors are subject to judicial review because he is entitled to a review of the procedural and substantive protections provided in the law.  (Dkt. No. 16-1 at 1.)  Plaintiff maintains Appeals Council decisions are subject to review and its errors may be ground for remand.  (*Id*. at 1-2.)  Plaintiff further contends the remainder of Defendant's arguments are primarily *post-hoc* rationalization that may not be considered by this Court.  (*Id*. at 2.)

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of

6

the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

7

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

III. ANALYSIS

    A. **Substantial Evidence does not Support the Commissioner's Decision**

        1. **Scope of Review**

42 U.S.C. § 405(g) grants this Court the power to review the "final decision of the Commissioner." 42 U.S.C. § 405(g). "SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. But if, as here, the Council denies the request for review, the ALJ's opinion becomes the final decision." *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000) (citing 20 C.F.R. §§ 404.900(a)(4)-(5), 404.955, 404.981, 422.210(a)); *see also Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) ("Because the Appeals Council denied review in this case, our review focuses on the ALJ's decision.") However, "[w]hen the Appeals Council denies review after considering new evidence, the Secretary's final decision 'necessarily includes the Appeals Council's conclusion that the ALJ's findings remained correct despite the new evidence'" and "the administrative record should contain all evidence submitted before this final decision, including the new evidence that was not before the ALJ." *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996) (quoting *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994)); *Davidson v. Colvin*, 12-CV-0316 (MAD/VEB), 2013 WL 5278670, at *6-7 (N.D.N.Y. Sept. 18, 2013) ("[i]f the Appeals Council fails to consider new, material evidence, the proper course for the reviewing court is to remand the case for reconsideration in light of the new evidence," and concluding remand was warranted where the Appeals Council did not discuss a treating physician's opinion "or provide the type of

8

explanation required by the treating physician rule when denying Plaintiff's request for review") (citations omitted).

Following ALJ Smith's May 4, 2017, unfavorable decision, Plaintiff requested review by the Appeals Council on May 24, 2017, and included medical records from UHS Primary Care Johnson City dated December 1, 2014, though January 26, 2017 (consisting of 175 pages) as well as "a record which [was] previously submitted to the Appeals Council but for some reason does not appear of record being a questionnaire and records from Dr. Ellison." (T. 195.) On June 16, 2017, Plaintiff's counsel again indicated to the Appeals Council that "[r]ecords that were sent to Social Security originally through the Appeals Council and acknowledged by the Appeals Council for some reason were not included in the records" including 10 pages from Orthopedic Associates and the questionnaire from Dr. Ellison which was previously submitted. (T. 285.) Plaintiff's counsel included the Appeals Council's order noting the additional exhibits as Exhibits 13F and 14F. (T. 287.)

In its February 2018 denial of review addressed to Plaintiff, the Appeals Council noted

> You submitted records dated June 18, 2013 through September 4, 2013 from Orthopedic Associates (12 pages) and a letter from David Ellison, M.D., dated October 14, 2013 (4 pages). This evidence is not new because it is a copy of Exhibits 13F and 14F. The record before the Administrative Law Judge included 1F through 14F and B1F through B12F. In addition, you submitted records from UHS Primary Care dated December 1, 2014 through January 26, 2017 (175 pages). However, these records are a copy of the records submitted to the hearing office on May 4, 2017 that the Administrative Law Judge refused as a late submission with no good cause provided. We did not consider and exhibit this evidence.

(T. 2.)

Plaintiff argues the Appeals Council improperly refused to consider newly submitted evidence, which included medical records dated December 1, 2014, through January 26, 2017,

9

from UHS Primary Care Johnson City and Dr. Ellison's previously submitted opinion which did not appear in the transcript, on the grounds that the new "records were submitted to the ALJ who refused [them] as a late submission with no good cause provided." (Dkt. No. 11 at 9-11.) Plaintiff maintains the ALJ never considered these records; these records do not appear in the transcript before the ALJ; and the ALJ did not discuss any new records in the decision or refuse to consider any newly submitted evidence. (*Id*. at 10.) Plaintiff contends the ALJ and the Appeals Council made decisions based on an incomplete record, warranting remand for proper consideration. (*Id*.) The Court agrees.

The Appeals Council's February 2018 denial of review indicated the record before the ALJ (presumably ALJ Smith as that was the unfavorable decision being appealed) included Exhibits 1F through 14F and B1F through B12F. (T. 2.) However, the Court's review of the record cannot confirm this. ALJ Smith indicated at the April 2017 administrative hearing that she had exhibits B1F through B12F before her and the exhibit list attached to her decision shows Exhibits B1F through B12F were before her. (T. 33-35, 39.) The Appeals Council denial of review also stated that the evidence submitted by Plaintiff, including the records from Orthopedic Associates and Dr. Ellison's opinion, was not new because it was a copy of Exhibits 13F and 14F. Again, the Court cannot confirm this statement because the record before the Court does not contain Exhibits 1F through 14F, but rather Exhibits B1F through B12F. (T. 2.)

Defendant argues the Appeals Council's denial of review is not properly before this Court and the evidence submitted to the Appeals Council was properly omitted from the record. (Dkt. No. 15 at 8-13.) Defendant asserts the Appeals Council denied review of ALJ Smith's May 2017 unfavorable decision and refused to make the aforementioned evidence part of the record because it was either not new or not timely submitted to ALJ Smith. (*Id*. at 8.)

Defendant's explanation fails to provide insight as to why Exhibits 13F (medical records dated June 18, 2013, through September 4, 2013, from Orthopedic Associates) and 14F (questionnaire dated October 14, 2013 from Dr. Ellison), both of which were apparently added to the record in the Appeals Council's October 2014 denial of review of ALJ Ramos' decision per Defendant's brief, were not included in Plaintiff's file when ALJ Smith reviewed it and issued an unfavorable decision in May 2017. (Dkt. No. 15-1 at 20.) Furthermore, if Exhibits 13F and 14F were apparently before the Appeals Council in February 2018 when it denied review of ALJ Smith's May 2017 decision, it is unclear why these exhibits were not before ALJ Smith when she made her decision. (T. 2.)

Defendant clarifies that ALJ Ramos reviewed Exhibits 1F through 12F in Plaintiff's first case and Plaintiff submitted Exhibits 13F and 14F after ALJ Ramos' decision with those records becoming part of the record following the Appeals Council's first denial of review in October 2014. (Dkt. No. 15 at 10; Dkt. No. 15-1 at 20.) Still, even if the Appeals Council properly reviewed this evidence in October 2014, the Court cannot verify this because Exhibits 13F and 14F are not part of the record before this Court, nor do they appear to have been before ALJ Smith, whose decision is subject to review here.

Defendant maintains it is the reviewing court's task to determine whether substantial evidence supports the ALJ's decision when the new evidence is included in the administrative record; but the evidence here was not new and thus the Appeals Council properly excluded it from the transcript. (Dkt. No. 15 at 8-10.) However, the Appeals Council appears to have included this evidence in the record in its first decision of October 2014, exhibiting it as Exhibits 13F and 14F. (Dkt. No. 15-1 at 20.) It appears the evidence submitted by Plaintiff could only have been rejected as being not new and copies of Exhibits 13F and 14F could only have been

rejected if, as the Appeals Council indicated in its February 2018 decision, the record before ALJ Smith included Exhibits 1F through 14F and B1F through B12F.  (T. 2.)  However, from the other indications in the administrative transcript, it appears that the record before ALJ Smith only included Exhibits B1F through B12F.  (T. 33-35, 39.)

Defendant also contends ALJ Smith did not err in omitting a discussion of Dr. Ellison's opinion because Plaintiff submitted Dr. Ellison's opinion along with his original disability application and ALJ Ramos considered it when issuing his decision; additionally, Defendant notes Plaintiff insists he never presented it to ALJ Smith.  (Dkt. No. 15 at 14.)  However, the Court's review indicates that ALJ Ramos' *August 2013* decision does not include any discussion of an opinion from Dr. Ellison, which is to be expected as the opinion from Dr. Ellison at issue is dated *October 14, 2013*, per the Appeals Council's February 2018 denial of review and Defendant's own brief.  (T. 2, 100-04; Dkt. No. 15-1 at 13-16.)

Further, the Court is persuaded by Plaintiff's arguments indicating Defendant's contentions contain *post hoc* rationalizations on which the Court cannot rely.  (Dkt. No. 16-1.)  "This Court simply cannot, and will not, re-weigh the medical evidence and/or 'create *post-hoc* rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself.'"  *Bartrum v. Astrue*, 32 F. Supp. 3d 320, 331 (N.D.N.Y. 2012) (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005); citing *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999); *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)); *Petersen v. Astrue*, 2 F. Supp. 3d 223, 234 (N.D.N.Y. 2012) (stating the same proposition).  On this record, the Court cannot determine whether the Appeals Council's denial of review was proper and/or supported by substantial evidence, nor can the Court determine whether the evidence before the Appeals Council was new, material evidence that the Appeals

Council may have failed to consider. *Perez*, 77 F.3d at 45 (quoting *O'Dell*, 44 F.3d at 859); *Davidson*, 2013 WL 5278670, at *6-7. Additionally, the Court cannot properly review ALJ Smith's May 2017 decision because of the confusion regarding the record and uncertainty as to whether ALJ Smith reviewed a complete record when making her decision.

Because the Appeals Council's denial of review created a question as to what evidence was properly before ALJ Smith and whether the record was complete at the time of her decision, the Court cannot determine whether her decision was supported by substantial evidence. Remand is therefore required for clarification of the record and proper consideration of the complete record in Plaintiff's application for benefits.

Upon remand, the Commissioner is also instructed to strike Exhibit B6F (T. 333-35) to avoid further confusion regarding the opinion of P.A. Callahan as it pertains to a different claimant and was erroneously considered by ALJ Smith in determining Plaintiff's RFC. (T. 29.)

### B. The ALJ's Analysis of the Opinion Evidence, Plaintiff's RFC, and the Step Five Determination

Because remand is necessary and the ALJ will be required to issue a new decision, the Court declines to reach findings on Plaintiff's other arguments regarding the opinion evidence, the RFC determination which includes whether the ALJ properly accounted for Plaintiff's hearing limitations, and the Step Five determination. (Dkt. No. 11 at 16-22.) However, on remand, the ALJ should conduct a new opinion evidence analysis, RFC determination, and Step Five determination.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED** that Defendant's decision denying Plaintiff disability benefits is **VACATED**, and this case is **REMANDED**, pursuant to Sentence Four of 42 § U.S.C. 405(g) for proceedings consistent with this Decision and Order.

Dated: August 27, 2019
Syracuse, New York

_____
Thérèse Wiley Dancks
United States Magistrate Judge